## JAMES COY, ET AL., v. JAMES MUIR.

**Suit on Sheriff's Bond—Necessary Parties.**

> The sheriff collects the public revenues, but before doing so must execute a bond payable to the commonwealth. This bond may be sued upon in the name of the commonwealth for the use of any person interested, and a suit cannot be maintained on such bond except in the name of the state for the use of such interested party.

### APPEAL FROM NELSON CIRCUIT COURT.

November 14, 1877.

OPINION BY JUDGE ELLIOTT:

The court of claims of Nelson county levied in favor of E. E. McKay two several claims, one for $313.55 and the other for $10, at its court of claims in 1874, which claims were to be paid out of the county levy for 1875. Shortly after these claims were allowed to McKay he sold and transferred them to the appellee, Muir, and the sheriff having failed to pay them this suit was brought against him and his sureties on his official bond to coerce payment of appellee's claims, with costs and damages.

The appellants' demurrer to the petition on the ground that the commonwealth was a necessary party, and for other reasons, and for overruling the demurrer, it is insisted was erroneous. By Sec. 4, Art. 2, Chap. 27, Gen. Stat., the sheriff, by virtue of his office, is made the collector of the county levy, but is required before he proceeds to collect it to execute bond payable to the commonwealth, with good surety, conditioned for the faithful discharge of his du-

ties; and the statute then says "which bond may be sued upon in the name of the commonwealth for the use and at the cost of any person aggrieved by a violation of the same."

The statute, therefore, expressly requires that the suit for the non-payment of a county claim shall be brought in the name of the commonwealth, as well as the owner thereof, and is therefore a modification of Section 18 of the Civil Code, which requires the action to be brought and prosecuted in the name of the real party in interest.

It is also alleged by appellants that there is no such record of the allowance of the claims to McKay as is set forth by the appellee, which is a substantial plea of nul tiel record; and we are of opinion that it was error to sustain the demurrer to that plea.

As to the balance of the answer the rulings of the court were correct; but for these errors the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*C. T. Atkinson, for appellants.   Muir & Wickliffe, for appellee.*